# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DUANE DAMONTE CUTCHEMBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:20CV375 |
| ) | 1:18CR381-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 41) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2018, Petitioner pled guilty to possession of firearms by a convicted felon. (Docket Entries 16-17, 36; 12/7/2018 Minute Entry.) He was later sentenced to 100 months of imprisonment. (Docket Entry 36; 5/23/2019 Minute Entry.) Petitioner did not appeal and instead filed the instant motion. (Docket Entry 41, § 8.) The Government filed a response (Docket Entry 46) and, while Petitioner was notified of his right to file a reply (Docket Entry 48), no reply was forthcoming and the time to file one has expired. This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUNDS FOR RELIEF

Petitioner raises three grounds for relief. First, Petitioner contends that his guilty plea was invalid and unconstitutional in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Docket Entry 41, Ground One.) Second, Petitioner asserts ineffective assistance of counsel. (*Id.*, Ground Two.) Third, Petitioner asserts that he is entitled to jail credit starting from the date of his state arrest, based on the Court's order that his federal sentence run concurrent with his state sentence. (*Id.*, Ground Three.) As explained below, these grounds lack merit.

# DISCUSSION

# GROUND ONE

Petitioner first contends that his guilty plea was invalid and unconstitutional in light of *Rehaif*. (Docket Entry 41, Ground One.) In that case, the Supreme Court held that § 922 does not criminalize a defendant's "innocent mistake" and that a conviction under § 922(g) therefore requires "knowledge of [the] status" that renders firearm possession unlawful. *Id.* at 2197; *see also id.* at 2198 (explaining that § 922(g) does not criminalize possession of a firearm by a convicted felon who was "sentenced only to probation . . . [and] who [did] not know that the crime [was] 'punishable by imprisonment for a term exceeding one year'"). Relying on *Rehaif*, Petitioner contends that he was not advised of the knowledge-of-status element and that, as a result, his plea was not knowing and intelligent. (*Id.* at 4-5). As explained below, this argument is procedurally barred and without merit.

**A. Petitioner's ground for relief has been procedurally defaulted.**

The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the proceedings culminating in his conviction. Principles of procedural default sharply limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

*Marlowe v. Warden, FCI Hazelton*, 6 Fed. 4th 562, 571 (4th Cir. 2021). Such is the case here.

More specifically, because Petitioner did not assert a knowledge-of-status claim in his initial criminal proceedings or on direct appeal, that claim is procedurally defaulted. A procedurally defaulted claim "may be raised in habeas only if the defendant can first

2

demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner meets none of these criteria.

### 1. Petitioner has failed to demonstrate cause.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) *citing Murray v. Carrier*, 477 U.S. 478, 488 (1986). A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (*quoting Reed v. Ross*, 468 U.S. 1, 16, (1984)). Several courts have found that a *Rehaif*-type challenge to § 922(g) convictions was available long before *Rehaif* was decided; thus, this claim is likely not so novel as to establish cause for Petitioner's procedural default. *See United States v. Claytor*, Nos. 7:15CR00070, 7:20CV81427, 2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (collecting cases for the proposition that "[s]everal district courts in this Circuit . . . have rejected the novelty argument" of a *Rehaif* claim) (citations omitted).

Moreover, any alleged ineffective assistance of plea or sentencing counsel also fails to serve as the cause for the default of Petitioner's *Rehaif* claim, because, at the time of Petitioner's 2018 plea hearing, controlling Fourth Circuit precedent held that a defendant's knowledge of his relevant status was not an element of an offense under § 922(g)(1) and § 924(a)(2). *See United States v. Langley*, 62 F.3d 602, 604-08 (4th Cir. 1995). Petitioner's plea or sentencing counsel would have had to anticipate a change in the controlling law to have raised a *Rehaif*-

3

type claim.[1] However, counsel's failure to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (citations omitted); *see Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Thus, Petitioner fails to demonstrate that counsel was deficient for failing to raise this claim on direct review, and any purported ineffective assistance of counsel cannot serve as the cause for the default of his *Rehaif* claim. *See United States v. Finley*, 805 Fed. App'x 823, 827 (11th Cir. 2020) (rejecting an ineffective assistance of counsel claim when current law foreclosed *Rehaif*-based objection).

2. **Petitioner has failed to demonstrate prejudice.**

Proof of prejudice must demonstrate "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Crawley*, No. 4:15CR1, 2021 WL 2910724, at *2 (W.D. Va. July 12, 2021) ("Since Crawley has provided no evidence which could have raised reasonable doubt at trial as to whether he knew he was a felon, he suffered no prejudice from pleading guilty without knowing that the government would have to prove this element.").[2] As explained below, Petitioner has failed to establish prejudice.

---

[1] As explained in greater detail below, any alleged ineffective assistance of appellate counsel claim also lacks merit so it would not have provided sufficient cause to justify the procedural default.

[2] The Supreme Court held in *Greer* that to demonstrate prejudice from entering a guilty plea without being informed of § 922(g)'s knowledge-of-status element, one must show that "he would have presented evidence at trial that he did not in fact know he was a felon," and show that but-for the error "there is a reasonable probability that he would have gone to trial rather than plead guilty." *Greer*, 141 S. Ct. at 2098, 2100. Although *Greer* articulated the threshold to show prejudice for this *Rehaif* error in a direct appeal under the plain-error standard, the framework is nonetheless instructive in the habeas context where Petitioner alleges the same error. In fact, the actual prejudice standard for

4

More specifically, Petitioner has made no persuasive effort to show that he suffered prejudice from the *Rehaif* error. In fact, he has not alleged that, at the time he possessed the firearms, he did not know that he had been convicted of an offense punishable by imprisonment for a term exceeding one year. *See Greer*, 141 S.Ct. at 2098 (denying *Rehaif* claim where "neither [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms").

Nor could Petitioner reasonably expect to do so given his criminal record and his prison sentences. Here, the record demonstrates that Petitioner was undoubtedly aware of his prohibited status and the Government would have easily been able to demonstrate this had he gone to trial. Petitioner's criminal history included convictions for multiple felonies, consolidated for judgment, for which he was sentenced in 2014 to 51 to 74 months in prison, and for which he actually served in excess of four years in prison. (Docket Entry 24, ¶¶ 38-40.) Moreover, Petitioner was on post-release supervision after his release from prison when he committed the instant offense. (*Id.*, ¶¶3-12, 39; Docket Entry 16 at 4.) Petitioner thus served a multi-year prison stint on multiple felonies and was on supervision for those felonies at the time of his arrest. That fact alone forecloses relief on a *Rehaif* claim. Thus, because the *Rehaif* error did not "work[ ] to his *actual* and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at 494.

---

collateral attacks is a "significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Indeed, a habeas petitioner must show not just that the purported error "created a *possibility* of prejudice," or "prejudice *per se*," but rather he must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

5

### 3. Petitioner has failed to demonstrate actual innocence.

Likewise, Petitioner cannot establish that he is actually innocent of violating § 922(g)(1). As the Supreme Court has made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

This standard is particularly difficult to meet in the context of a *Rehaif* error. "The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as 'knowledge can be inferred from circumstantial evidence.'" *United States v. Sumter*, No. 3:02-cr-00499, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021) (quoting *Rehaif*, 139 S. Ct. at 2198). The Supreme Court recognized the difficulty faced by such defendants:

> If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

*Greer*, 141 S. Ct. at 2097 (citation omitted).

Petitioner does not meet this standard for the reasons discussed in the prejudice section of this Recommendation.[3] For all these reasons, because Petitioner's *Rehaif* claim is procedurally barred and he cannot establish either cause and prejudice or actual innocence to excuse the default, his ground should be dismissed. *See Bousley*, 523 U.S. at 622.

---

[3] Petitioner also admitted to law enforcement that he possessed the firearms in question. (Docket Entry 24 § 11, 15.) The firearms in question were also manufactured outside of the state of North Carolina and possessed by Petitioner in North Carolina, so they necessarily travelled in interstate commerce. (Docket Entry 16 at 4-5.)

6

### B. Petitioner's *Rehaif* claim fails on the merits.

Last, even assuming Petitioner's *Rehaif* claim was procedurally proper (which is not the case) it would most certainly fail on the merits. The Supreme Court has held, a "less onerous harmless-error standard" applies on collateral review. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it has a "substantial and injurious effect or influence in determining the jury's verdict"); *see also United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding *Brecht*'s harmless-error review standard, applicable to § 2254 cases, is also applicable to § 2255 cases).

As demonstrated above, Petitioner was sentenced to and served more than one year in prison before he possessed the firearms in 2018. Petitioner does not even claim that he was unaware of his status as a felon or that he was convicted of a crime punishable by more than one year of imprisonment. Nor does it appear on this record that Petitioner could credibly argue that he was unaware that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year when he possessed the firearms in question here. Given that convicted felons like Petitioner typically know they are convicted felons, and know further that the Government would have little trouble proving this, it is hard to imagine how Petitioner's conviction or guilty plea was prejudiced by any *Rehaif* error. *See Greer*, 141 S. Ct. at 2097; *Caldwell*, 7 F.4th at 213; *see also United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult . . . . Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew.").

Petitioner's arguments to the contrary are not persuasive. Petitioner argues (Docket Entry 41, Ground One) that his guilty plea must be vacated in light of two Fourth Circuit cases, *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020) and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (2021), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (June 14, 2021). Neither case assists Petitioner. *Lockhart* is distinguishable. To begin, *Lockhart* was before the Fourth Circuit on direct appeal, not collateral review. *See* 947 F.3d at 189. In addition, it was the combination of an error during the plea colloquy (being misinformed as to his potential sentence exposure) and a *Rehaif* error that led the appellate court to vacate *Lockhart*'s conviction and remand the case to the district court for further proceedings. *Id.* at 196-97. Consequently, *Lockhart* does not assist Petitioner.

As for *Gary*, although it involved a stand-alone *Rehaif* claim, the Supreme Court issued an opinion on June 14, 2021, reversing the Fourth Circuit's decision in *Gary*. *Greer*, 141 S. Ct. at 2101. *Gary* held that a *Rehaif* "error is structural, which *per se* affects a defendant's substantial rights." *Gary*, 954 F.3d at 200. In *Greer*, however, the Supreme Court reversed *Gary* and made clear "a *Rehaif* error in a plea colloquy is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" 141 S. Ct. 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). Consequently, any assertion that a *Rehaif* error is per se reversible has no merit. Therefore, *Gary* cannot serve as a basis for Petitioner's argument. For all of these reasons, Petitioner's first ground warrants no relief.

8

# GROUND TWO

Petitioner next alleges ineffective assistance of counsel. (Docket Entry 41, Ground Two.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

The Supreme Court has held that the dual performance and prejudice inquiry of *Strickland* described above also provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A defense attorney's performance falls below an objectively reasonable standard, and is *per se* ineffective assistance of counsel, if he disregards the defendant's "specific

instructions" to file a notice of appeal which defendant wants at the time and to which the defendant has a right. *Id.* at 477. Nevertheless, if a defendant neither instructs counsel to file an appeal, nor asks that an appeal not be taken, and if counsel consulted with the defendant about an appeal, counsel performs unreasonably only by failing to follow the defendant's express instructions with respect to an appeal. *See id.* at 478.

An attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480; *see also id.* at 477 (stating that "courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct and judicial scrutiny of counsel's performance must be highly deferential") (internal brackets, citation, and quotation marks omitted). Additionally, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484; *see also id.* at 486 (holding that evidence the defendant "demonstrated to counsel his interest in an appeal . . . alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal"). The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.

Here, Petitioner asserts that:

10

> My lawyer was ineffective because she knew I could challenge 922(g). She did not give me any insight. She also told me once I accept my plea I could not appeal my case. If she would have told me about an appeal, I would have asked for a direct appeal at sentencing.

(Docket Entry 41, Ground Two.) As explained below, none of these assertions are borne out by the record and Petitioner's ineffective assistance ground fails as a result.

Petitioner's first assertion, that counsel was ineffective because counsel knew Petitioner "could challenge 922(g)" is contradicted by the record. Upon review of the record, there does not appear to be any viable challenge to the felon in possession charge that could have been raised and counsel would have known this. Nor was counsel ineffective in failing to advise Petitioner about the *Rehaif* element. Counsel could not have done so prior to Petitioner's Rule 11 hearing, at sentencing, at the entry of judgment, or during thirteen of the fourteen days Petitioner had to appeal, because the *Rehaif* decision did not yet exist.[4]

It is true that the Supreme Court decided *Rehaif* on the June 21, 2019, the final day Petitioner had to appeal. Nevertheless, the appeal waiver contained in Petitioner's plea agreement foreclosed a *Rehaif* claim. *See, e.g., United States v. Marc*, 806 Fed. App'x 820, 823-24 (11th Cir. 2020) (enforcing appeal waiver to bar *Rehaif* claim); (Docket Entry 17, ¶ 5(d).) While that plea waiver references four types of appellate claims that Petitioner had not waived—prosecutorial misconduct, ineffective assistance of counsel, a sentence beyond the statutory

---

[4] The judgment in Petitioner's case was filed June 7, 2019. (Docket Entry 36). Petitioner then had fourteen days, or until June 21, 2019, to file notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A). However, Petitioner had waived his right to appeal except on the four grounds reserved in the plea agreement (Docket Entry 17, ¶ 5(d)), and no appeal was filed. Petitioner does not assert that he ever asked counsel to file an appeal, nor does he indicate that he demonstrated an interest in appealing.

maximum, or a sentence based on an unconstitutional factor—none of these exceptions applied here. (Docket Entry 17, ¶ 5(d).) Counsel was not aware of a viable challenge to the felon in possession of firearms conviction, because no such challenge existed. Counsel, and a rational defendant, would know there was no reason to pursue a case which the Court of Appeals would automatically dismiss in light of the plea waiver.[5] *See United States v. Blick*, 408 F.3d 162, 168 n. 4 (4th Cir. 2005) (listing cases enforcing appeal waivers).

Likewise, counsel's purported assertion to Petitioner that once he accepted his plea he "could not appeal [his] case" was also reasonable, because it was essentially true. By entering into the plea agreement, Petitioner did waive his right to appeal, except for the four exceptions mentioned above. Counsel would have been remiss not to explain this to Petitioner prior to his entry of a guilty plea. Moreover, later at sentencing, the Court also explained to Petitioner that he had a right to appeal, that it was limited by his plea waiver, and that he had fourteen days to file an appeal. (Docket Entry 44 at 19.) Consequently, even if counsel's purported assertion to Petitioner prior to the entry of the plea agreement— that he "could not appeal [his] case"—was considered a misstatement, it was cured by the Court at sentencing. Therefore, any such statement by counsel did not prejudice Petitioner.

Nor does Petitioner's assertion that "[i]f [counsel] would have told [him] about an appeal, [he] would have asked for a direct appeal at sentencing" satisfy the *Strickland* standard. As explained, counsel could not have informed Petitioner about the *Rehaif* decision prior to his change of plea or at sentencing, because it did not yet exist, and counsel had no reason to

---

[5] In addition to the plea waiver discussed above, the Court notes further that Petitioner's 100-month sentence was at the low end of the advisory guidelines range. (Docket Entry 24, Sentencing Recommendation.)

12

Case 1:18-cr-00381-WO   Document 49   Filed 11/17/21   Page 12 of 14

mention it to Petitioner during the fourteen-day time to appeal, because any *Rehaif* claim had been waived. And, beyond this, Petitioner was informed by the Court of his right to appeal at sentencing (Docket Entry 44 at 19) yet did not ask for one, despite now insisting that if he knew of his right to appeal at sentencing, he would have pursued one. Neither element of *Strickland* is satisfied here and this ineffective assistance of counsel claim is without merit.[6]

## GROUND THREE

In his last ground, Petitioner claims he is entitled to jail credit starting from the date of his state arrest, based on the Court's order that his federal sentence run concurrent with his state sentence. (Docket Entry 41, Ground Three). Responsibility for proper calculation of jail credit falls under the jurisdiction of the Attorney General, acting through the Bureau of Prisons, not the district court of conviction. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Snead*, 664 Fed. App'x 270, 271 (4th Cir. 2016). Challenges to the computation of jail credit must first be raised via proper administrative channels and then, if necessary, via habeas petition pursuant to 28 U.S.C. § 2241 in the district of incarceration. *Snead*, 664 F. App'x at 271. In any event, Petitioner is not entitled to credit for state time served on his revocation sentence prior to imposition of his federal sentence, as recognized by the Court on the record. (Docket Entry 45 at 4-5; *see also* 18 U.S.C. § 3585(a)-(b)). This claim should be dismissed.

---

[6] *See, e.g.*, *Gaston v. United States*, 318 Fed. App'x 750, 752 (11th Cir. 2008) ("[T]here were no nonfrivolous grounds for appeal because Gaston received a sentence at the low-end of the guidelines and had signed an appeal waiver. Because Gaston gave no indications that he wanted to appeal and no rational defendant would have filed an appeal, his counsel did not have a duty to consult with him about an appeal, and we affirm the district court's denial of Gaston's § 2255 motion.")

13

## CONCLUSION

Petitioner's motion should be denied for the reasons set forth above. An evidentiary hearing is not warranted in this matter, nor is the appointment of counsel, nor is discovery.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 41) to vacate, set aside, or correct sentence be **DENIED** and that judgment be entered dismissing the action.

                                                  Joe L. Webster
                                        United States Magistrate Judge

November 17, 2021
Durham, North Carolina